KEVIN RYAN (CSBN 118321)
United States Attorney

RECEIVED
JUL 14 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

FILED
JUL 15 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No.: 05-00397 RS |
| Plaintiff, | STIPULATION AND [PROPOSED] ORDER EXCLUDING TIME |
| v. | |
| KATHLEEN C. CASTRO, | |
| Defendant. | |

On July 14, 2005, the parties in this case appeared before the Court and stipulated that time should be excluded from the Speedy Trial Act calculations from July 14, 2005 to July 28, 2005 in order to allow the defense counsel to review discovery. The parties represented that granting the continuance was the reasonable time necessary for effective preparation of both defense counsel and the United States, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv). The parties also agreed that the ends of justice served by granting such a continuance outweighed the best interests of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A).

SO STIPULATED:   KEVIN V. RYAN
                 United States Attorney

Stipulation and [Proposed] Order

1 | DATED: 7/14/05

SUSAN KNIGHT
Assistant United States Attorney

4 | DATED: 7/14/05

JAY ROETY
Attorney for Ms. Castro
Assistant Federal Public Defender

As the Court found on June 14, 2005, and for the reasons stated above, the Court finds that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial and that time should be excluded from the Speedy Trial Act calculations from July 14, 2005 to July 28, 2005 for effective preparation of defense counsel and the United States. See 18 U.S.C. §3161 (h)(8)(B). The failure to grant the requested continuance would deny counsel reasonable time necessary for effective preparation taking into account the exercise of due diligence, and would result in a miscarriage of justice. See 18 U.S.C. §3161(h)(8)(B)(iv).

SO ORDERED.
DATED: 7/15/05

HOWARD R. LLOYD
United States Magistrate Judge

Stipulation and [Proposed] Order